[753 NYS2d 389]

In the Matter of CARRIE SUTHERLAND, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 2003

18

*Robert P. Guido*, Syosset (*Dianne M. Saccone* of counsel), for petitioner.

*Tedd Blecher*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Carrie Sutherland has submitted an affidavit dated August 9, 2002, in which she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The respondent avers that she is making her resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. She discussed her decision to resign with her attorney, as well as other persons whose advice and counsel she respects. She is aware that she may not seek reinstatement for a period of at least seven years. She is also aware that the Appellate Division, in any order permitting her to resign, could require her to make monetary restitution or to reimburse the New York Lawyers' Fund for Client Protection and that any such order could be entered as a civil judgment against her. She specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The respondent acknowledges that she was served with a petition containing multiple charges of professional misconduct against her, several of which were withdrawn. She also acknowledges that she cannot successfully defend herself on the merits against allegations that she used her escrow account as a personal account to avoid paying several outstanding judgments, including federal and state tax liens, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) and DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]). She avers that her parents have made full restitution to all clients named in the petition.

The petitioner urges acceptance of the proffered resignation and confirms that the respondent's parents have fully reimbursed her clients.

Inasmuch as the proffered resignation complies with all applicable Court rules, it is accepted, the respondent is disbarred, effective immediately, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FRIEDMANN, JJ., concur.

Ordered that the resignation of Carrie Sutherland is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carrie Sutherland is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Carrie Sutherland shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carrie Sutherland is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.